UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VALLEY FORGE INSURANCE, a foreign corporation,

                Plaintiff,

v.

ADMIRAL INSURANCE COMPANY, a foreign corporation; and RSUI INDEMNITY COMPANY, a foreign corporation,

                Defendants.

CASE NO. C08-1766-JCC

ORDER

This matter comes before the Court on Defendant RSUI Indemnity Company's Motion to Stay Proceedings (Dkt. No. 10), Defendant Admiral Insurance Company's Joinder in the Motion to Stay (Dkt. No. 12), Plaintiff's Response (Dkt. No. 13), and RSUI's Reply (Dkt. No. 14). The Court has carefully considered these documents, their supporting declarations and exhibits, and the balance of relevant materials in the case file, and has determined that oral argument is not necessary. For the reasons explained below, the Court finds and rules as follows.

**I.  BACKGROUND**

This case involves a coverage dispute among several insurance companies regarding each insurer's respective obligation to pay remedial costs arising from defective demolition work. Plaintiff

ORDER – 1

Valley Forge Insurance ("Valley") seeks declaratory relief and equitable contribution from Defendants Admiral Insurance Company ("Admiral") and RSUI Indemnity Company ("RSUI"), alleging that they failed to adequately indemnify GLY Construction, Inc. ("GLY"), a general contractor insured by all three companies.

The underlying dispute arose from a data expansion renovation at the Westin Building (the "Westin") in Seattle, Washington. Sixth & Virginia Properties and Clise Properties, Inc. (collectively, the "Owners") own and manage the Westin, which is a telecommunications hub that contains electrical conduits called "busways." (Mot. 2 (Dkt. No. 10); *see* Ans. 6 (Dkt. No. 7).) Sixth & Virginia Properties contracted with GLY to perform the data expansion at the Westin. (Compl. ¶ 6 (Dkt. No. 1 at 2).) The general contract required the Owners to maintain property insurance for the Westin. (*See* Supp. Contract (Dkt. No. 11-3).) Accordingly, Clise Properties obtained property insurance from Liberty Mutual Insurance Company ("Liberty"), which issued a policy effective July 1, 2007 to July 1, 2008. (Liberty Policy (Dkt. No. 11-4).)

GLY subcontracted with Democon, LLC to perform demolition services associated with the renovation. (Compl. ¶ 9 (Dkt. No. 1 at 3).) The subcontract required Democon to carry commercial general liability insurance and to add GLY as an additional insured under that policy. (*Id.* ¶¶ 10–12.) Democon obtained primary commercial general liability coverage through Admiral and excess liability coverage through RSUI. (*Id.* ¶¶ 20, 22.) GLY carried general liability insurance coverage through Valley. (*Id.* ¶ 19.) GLY was also named an "additional insured" under Democon's policies with Admiral and RSUI. (*Id.* ¶¶ 19–22.)

On July 2, 2007, some of the Westin's electrical busways were damaged during the course of Democon's demolition activities. (*Id.* ¶ 15.) As a result, the Owners demanded that GLY replace the damaged busways. (*Id.* ¶ 16.) GLY placed Democon on notice of the loss and then retained various contractors to complete repairs to the busways at a cost of over $2 million. (*Id.* ¶¶ 16–17.)

The Owners demanded that GLY, Democon, and their respective insurers, including Admiral,

ORDER – 2

RSUI, and Valley, fund the costs of repair. (Mot. 3 (Dkt. No. 10).) Not surprisingly, the insurers disagreed about who should pay for such costs. A mediation was held on December 7, 2007, in an effort to resolve the claims arising from the defective demolition. Attending parties included Admiral (Democon's primary insurer), RSUI (Democon's excess insurer), Valley (GLY's insurer), and Liberty (the Owners' property insurer). (*See* Compl. ¶ 23–25 (Dkt. No. 1 at 5).) The parties reached a settlement on the repair costs, under which Admiral paid its policy limits of $1 million, and RSUI and Valley collectively agreed to fund the remaining unpaid repair costs, which totaled over $1 million, as well as some of the future estimated costs. (*See* Settlement (Dkt. No. 11-5).) Liberty did not contribute to the settlement. (*See id.*)

Thereafter, RSUI and Admiral, acting through and under an assignment of rights from Democon, brought an action in King County Superior Court, Case No. 08-2-41996-7 (the "state action"), against Liberty and the Owners. (State Compl. (Dkt. No. 11-7).) In the state action, the plaintiffs claim that the damage to the Westin triggered the Owners' property policy with Liberty, which required Liberty to pay repair costs because Democon was an additional insured on the policy. (*Id.* ¶¶ 4.4–4.6.) The plaintiffs also contend that Liberty acted in concert with the Owners to shift the costs of repair to GLY and Democon and their respective insurers. (*Id.* ¶ 4.7.) The plaintiffs essentially argue that the general contract with GLY obligated the Owners to pursue their insurer (Liberty) for the damages to the Westin, thereby relieving GLY, Democon, and the other insurers from liability for such losses.

Invoking federal diversity jurisdiction, Valley brought the instant action against Admiral and RSUI asserting claims for declaratory relief and equitable contribution. (*See* Compl. (Dkt. No. 1).) Valley seeks reimbursement for the amounts it paid under the December 7, 2007 settlement, as well as other post-settlement repair costs arising out of Democon's defective work. (*Id.* ¶ 40.) Valley also seeks a declaration that Admiral and RSUI owe primary and non-contributory obligations to defend and indemnify GLY for liability arising out of Democon's defective work. (*Id.* ¶ 47.)

ORDER – 3

## II. ANALYSIS

Defendants RSUI and Admiral request that the Court exercise its discretionary power to stay this action pending resolution of the related and more inclusive state court proceeding. (Mot. 1 (Dkt. No. 10); Joinder 1 (Dkt. No. 12).) RSUI argues that a discretionary stay is warranted because the state court action will resolve predicate questions of state law that may be determinative of Valley's instant claims before this Court. (*Id.* at 4–5; Reply 1–3, 5–6 (Dkt. No. 14).)

As an initial matter, Valley suggests that a stay is not warranted because it seeks equitable contribution in addition to declaratory relief. (*See* Resp. 5 (Dkt. No. 13).) "Claims that exist independent of the request for a declaration are not subject to the Declaratory Judgment Act's discretionary jurisdictional rule." *Snodgrass v. Provident Life & Accident Ins. Co.*, 147 F.3d 1163, 1167 (9th Cir. 1998). However, jurisdiction is mandatory only if the non-declaratory claims can exist independent of the declaratory claims such that they could survive even if the declaratory claims vanished. *See United Nat'l Ins. Co. v. Travelers Cas. & Sur. Co.*, 242 F.3d 1102, 1112–13 (9th Cir. 2001). Thus, where a monetary claim "must be joined with one for declaratory relief," the action is deemed "primarily declaratory in nature" and the exercise of federal jurisdiction remains discretionary. *See id.*

Here, Valley's request for declaratory relief asks the Court to determine "the scope and nature of its rights and obligations under the insurance policies at issue with respect to the Westin Building Loss." (Compl. ¶ 48 (Dkt. No. 1).) Valley's claim for equitable contribution seeks reimbursement based on these same insurance policies and on the rationale that Admiral and RSUI are primarily liable for the loss under such policies. (*See id.* ¶¶ 37–40.) In both claims, Valley specifically contends that "Admiral and RSUI owe primary and non-contributory obligations to defend and indemnify GLY for liability arising out of Democon's ongoing operations." (*Id.* ¶¶ 37, 47.) Consequently, the equitable contribution claim must be joined with the request for declaratory relief because the issue of contribution necessarily requires a predicate finding as to the obligations of the respective insurers under the policies at issue. The resolution of Valley's equitable contribution claim is therefore "inextricably intertwined with, and depend[ent] upon

ORDER – 4

a declaration of coverage." *N. Pac. Seafoods, Inc. v. Nat'l Union Fire Ins. Co.*, No. C06-795RSM, 2008 U.S. Dist. LEXIS 1714, at \*10 (W.D. Wash. 2008). Thus, although Valley asserts a claim for contribution in addition to its claim for declaratory relief, the action is nevertheless "primarily declaratory in nature" and subject to the discretionary exercise of jurisdiction. *See id.* at \*11 (*quoting Travelers Cas. & Sur.*, 242 F.3d at 1113).

Where a plaintiff seeks declaratory relief, the district court has substantial discretion in determining whether a stay is appropriate. *See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 277, 288 (1942); *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) ("[A] district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment."). In assessing a declaratory judgment action, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288. Prudential guidance for a district court's determination of whether to stay a declaratory judgment action is found in *Brillhart* and its progeny. *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998). The primary factors to consider are: (1) avoiding needless determination of state law issues, (2) discouraging litigants from filing declaration judgment actions as a means of forum shopping, and (3) avoiding duplicative litigation. *Id.* at 1225. However, these three factors are not exhaustive and the district court is "in the best position to assess how judicial economy, comity and federalism are affected in given case." *Id.* at 1225–26.

After carefully examining the pending state court action and the nature of the claims asserted here, the Court is convinced that the balance of the *Brillhart* factors and considerations of "wise judicial administration" weigh in favor of staying this case until the related state action is resolved.

**A.    Needless Decision of State Law**

The concern with rendering a needless decision of state law is implicated where, as here, the "precise state law issues at stake in the present case are the subject of a parallel proceeding in state court." *Cont'l Cas. Co. v. Robsac*, 947 F.2d 1367, 1371 (9th Cir. 1991), *overruled in part on other*

ORDER – 5

*grounds by Dizol*, 133 F.3d at 1227. In the state action, the plaintiffs argue that Liberty, and not Admiral or RSUI, is primarily obligated to pay the costs of repairing the damage to the Westin. (State Compl. ¶¶ 5.5–5.7 (Dkt. No. 11-7 at 10).) The plaintiffs contend that because Liberty's property policy provided coverage for Democon's defective work, Liberty owed the primary duty to cover the resulting loss. (*Id.* ¶ 4.6.) In the present action, Valley argues that it is Admiral and RSUI that owe the primary obligation to pay the repair costs because they "owe primary and non-contributory obligations to defend and indemnify GLY for liability arising out of Democon's ongoing operations." (Compl. ¶¶ 37, 47 (Dkt. No. 1 at 7–8).) In contrast, RSUI's counterclaim asserts that the general contract with GLY obligated the Owners to pursue their insurer, Liberty, for the costs of repairing the Westin, thereby relieving RSUI of liability for such losses. (RSUI Ans., Countercl. (Dkt. No. 7 at 6–7).) Thus, the precise state law issue in the present case—which insurance company owes primary indemnity obligations for the damage to the Westin—is also squarely at issue in the state action. The state court's resolution of whether RSUI or Admiral owe any obligations for the underlying loss will significantly narrow, if not dispose of, Valley's claims in the present action. Accordingly, this action presents the real risk that the Court would needlessly determine state law issues that are the subject of the more inclusive state action.

Moreover, the *Brillhart* policy of avoiding unnecessary declarations of state law is especially relevant here because Valley's request for declaratory relief "involves insurance law, an area that Congress has expressly left to the states," and "the sole basis of jurisdiction is diversity of citizenship." *See Robsac*, 947 F.2d at 1372. The Court therefore finds that the first *Brillhart* factor weighs in favor of staying this action.

**B.     Forum Shopping**

Forum shopping is not a concern in this case. Both the state and federal court actions were filed around the same time and there is no evidence that either party's suit was "defensive or reactive." *See Robsac*, 947 F.2d at 1371. Accordingly, this factor favors neither party.

ORDER – 6

### C. Duplicative Litigation

This factor attempts to conserve judicial resources where staying the federal action would avoid duplicative litigation. *Robsac*, 947 F.2d at 1373. Although Valley's declaratory action is not a "mirror image of the state suit," *see id.*, its resolution requires a determination of insurer coverage obligations that will necessarily be decided in the pending state proceeding. *Cf. Am. Nat'l Fire Ins. Co. v. Hungerford*, 53 F.3d 1012, 1017 (9th Cir. 1995) (observing that "the facts necessary to resolve this insurance coverage claim could only have been developed through the state court proceeding"). Should the Court exercise its discretionary jurisdiction at this stage, it would have to determine whether RSUI and Admiral are primarily liable under their respective policies for the Westin loss. (*See* Compl. ¶¶ 44–47 (Dkt. No. 1 at 8).) Because this predicate state law question is directly at issue in the state suit, permitting the instant case to proceed would result in the "unnecessary use of judicial resources" and could "pose an undue risk of inconsistent rulings" between the state and federal courts. *See N. Pac. Seafoods*, 2008 U.S. Dist. LEXIS 1714, at *11. The comity considerations associated with inconsistent rulings are "particularly weighty in insurance cases" because "[s]tates have a free hand in regulating the dealings between insurers and their policyholders." *Employer's Reinsurance Corp. v. Karussos*, 65 F.3d 796, 799 (9th Cir. 1995) (citation omitted). Therefore, the Court finds that this factor favors a stay in the federal action to avoid the risk of duplicative litigation and inconsistent results.

On balance, the *Brillhart* factors weigh in favor of staying this action. As the Ninth Circuit has explained, "concerns of 'practicality' and 'wise judicial administration' generally counsel against the exercise of federal-court jurisdiction over claims for declaratory relief that involve only state law questions brought during the pendency of a related state court proceeding." *Karussos*, 65 F.3d at 801. This action presents purely state law issues that are the subject of, and may be disposed by, the related and more inclusive state proceeding. Accordingly, the Court finds that a stay in this declaratory action is warranted and declines to exercise its discretionary jurisdiction until the underlying state court proceeding is resolved.

ORDER – 7

## III. CONCLUSION

For the foregoing reasons, Defendant RSUI's Motion to Stay Proceedings (Dkt. No. 10) is hereby GRANTED and this action is STAYED pending resolution of the related state court proceeding.

SO ORDERED this 1st day of May, 2009.

/s/ John C. Coughenour
John C. Coughenour
UNITED STATES DISTRICT JUDGE